AT THE

## OCTOBER SESSION 1863, IN BOSTON.

PRESENT :

Hon. GEORGE T. BIGELOW, Chief Justice.
Hon. CHARLES A. DEWEY,
Hon. THERON METCALF,
Hon. PLINY MERRICK,      } Justices.
Hon. REUBEN A. CHAPMAN,

## BARNSTABLE COUNTY.

SAMUEL THACHER & wife *vs.* SYLVANUS A. PHINNEY.

A record copy of a deed is admissible in evidence against one to whom the grantee has conveyed the land, without notice to him to produce the original; and the fact that the deed does not appear to have been executed in the presence of an attesting witness is immaterial.

If the validity of a deed by a party to an action is in controversy, he may testify that he executed it in good faith.

A voluntary conveyance, even if made by one who is in debt, is not, as a matter of law, absolutely void, as against subsequent creditors; but the question should be submitted to the jury to determine whether or not it was made with an intention to defraud creditors.

In an action of waste, for injuries to the estate of a married woman, her husband must be joined as a plaintiff.

If waste has been committed simply by removing a stone wall which did not inclose any land, this will not operate as a forfeiture of any land.

Waste. The declaration alleged that in 1858 the defendant became the owner of a messuage in Barnstable for the life of the plaintiff Samuel Thacher, and entered into possession; that since 1850 the female plaintiff has been the owner of the reversion, and has the next immediate estate of inheritance therein; that the defendant, disregarding his duty in the premises, has committed and suffered great waste of the estate, and has suffered the buildings and fences thereon to remain unrepaired and to go to decay, and has taken down and removed a substantial stone wall twenty feet long, and has taken up and removed five large flat stones used for door-stones for the barn and corn-house on the estate, and taken down a stone wall on the east side of the garden, forty feet long, and converted the stone to his own use, and taken up and removed a valuable fruit tree, and undermined a corner of the barn; whereby an action of waste hath accrued to the plaintiffs to have and recover the place wasted, and the damages done thereto.

The defendant in his answer denied the commission of any acts of waste, and denied the plaintiffs' title, and claimed title in fee in himself.

At the trial in the superior court, before *Russell*, J., it appeared that in 1846 the plaintiff Samuel Thacher, being then the owner of the premises, conveyed them to Zeno Scudder, who on the same day reconveyed them to the female plaintiff. In 1854 said Samuel went into insolvency, and his assignee sold his estate in the premises to certain persons, who, as the plaintiffs contended, afterwards sold the same to the defendant. In proving the defendant's title the plaintiffs were allowed, under objection, to introduce in evidence the record copy of a deed of the premises to the defendant's grantor, no notice having been given to the defendant to produce the original, and no explanation being made why the original was not produced.

Upon production of this record it appeared that the original deed had not been executed in the presence of an attesting witness, whereupon the defendant objected that the proof of the deed was insufficient; but the objection was overruled.

Said Samuel testified that his conveyance, through Scudder,

to his wife was without consideration, and to preserve the property in case of any misfortune to him ; that he then owed several small debts, which were subsequently paid ; and that he was also then indebted to the bank in a sum of money which was secured by a mortgage upon these premises and other property, which remained unpaid at the time of his insolvency, the mortgage being more than sufficient security for the same. This plaintiff was then allowed, under objection, to testify to his good faith in making the conveyance. The defendant asked the court to rule that upon these facts the assignment to the assignee in insolvency and the conveyance by him conveyed a valid title to the estate in fee. The judge declined so to rule, but gave full instructions as to the effect of conveyances made to defraud, defeat or delay creditors, and of deeds upon a secret trust. To this refusal the defendant excepted.

The defendant asked the court to rule that the plaintiffs were not entitled to maintain this action jointly ; but the judge ruled otherwise.

The judge, after charging the jury, requested them, if they found that any waste had been committed, to specify the particulars ; and they returned a verdict in favor of the plaintiffs, and found waste of one of the stone walls referred to in the declaration. A plan was put into the case which showed that this was a wall leading from the street in a straight line, and not inclosing any land.

The plaintiffs moved for judgment of forfeiture of the premises described in the declaration, but the judge overruled the motion.

Both parties alleged exceptions to those rulings which were adverse to them, respectively.

*G. A. King & J. Higgins,* for the plaintiffs.

*E. M. Gardner,* for the defendant.

BIGELOW, C. J.   Both parties to this suit have taken exceptions to the rulings of the court at the trial, but in our judgment neither of them is able to show that any error in law was committed.

1. The defendant objects that a record copy of a deed in the

line of his title was offered by the plaintiffs and admitted in evidence, without any previous notice to him to produce the original, or any attempt to obtain it by other means. This ruling was clearly right. The rule requiring the production of an original deed applies only to a case where it is necessary to prove a conveyance directly to a party to a suit, and which may reasonably be supposed to be in his possession, but does not include prior deeds in a chain of title. *Commonwealth* v. *Emery*, 2 Gray, 80.

2. It is also objected that the registered copy, when produced, disclosed the fact that the deed was not executed in the presence of any subscribing witness. But it was not necessary to its validity that it should have been so signed ; *Dole* v. *Thurlow*, 12 Met. 157, 165; nor did the fact that the grantor executed it without calling a witness to attest the signature in any way affect the competency of the copy which was admitted in evidence. An acknowledgment of a deed duly certified is essential to authorize the register of deeds to put it on record ; Gen. Sts. *c.* 89, § 28; but there is no provision which renders any particular mode of execution necessary, in order to render a deed legally suitable for registry. As the deed in question was duly recorded, the record copy was good *prima facie* evidence of the contents of the original deed.

3. The plaintiff, being by law a competent witness, was rightly allowed to testify to any fact which had a bearing on the issue before the jury. Inasmuch as the defendant sought to impeach the plaintiff's conveyance to his wife on the ground that it was made with a fraudulent purpose, an inquiry into his intentions and motives in making the grant to her was relevant and material. The interrogatory put to him on this subject was therefore competent, and his testimony that he executed the conveyance in good faith was admissible. *Fisk* v. *Chester*, 8 Gray, 506. *Lombard* v. *Oliver*, *post*, 155.

4. It is further objected by the defendant that, on the facts proved concerning the conveyance to the plaintiff's wife, no title in the premises in controversy vested in her as against the assignee in insolvency of the plaintiff; but that, the conveyance

having been purely voluntary, it was in law fraudulent and void as to creditors, and that by the grant from the assignee an absolute title in fee was vested in the defendant. In other words, the position of the defendant was, that a voluntary conveyance is void as against creditors, although made in good faith, and under circumstances which tend to show very clearly, not only that it was made when the grantor was solvent, and without any fraudulent design, but also that it did not in fact operate to hinder or delay any existing creditors, or deprive them of the means of obtaining full security for their debts. It seems to us that this position is unsupported by principle or authority. A voluntary conveyance is not *per se* fraudulent as against creditors. No doubt, such a conveyance by a person who was deeply in debt, especially of a large and substantial portion of his estate, would be very strong evidence of a fraudulent intent. But such deed is not necessarily void. Whether it be so or not is a question of fact, to be determined on all the circumstances connected with the making of the grant, tending to show that it would have the effect of impairing the rights of creditors. But it would be quite essential to show that the grantor was indebted beyond his means of payment remaining after the conveyance — that he was at the time of the grant *alieno œre prœgravatus*. *Shears* v. *Rogers*, 3 B. & Ad. 362. *Gale* v. *Williamson*, 8 M. & W. 405. *Beal* v. *Warren*, 2 Gray, 447, 454. Nor is a voluntary conveyance voidable as against subsequent creditors, if not shown to be fraudulent at the time it was made as against existing creditors. *Sexton* v. *Wheaton*, 8 Wheat. 229. *Norton* v. *Norton*, 5 Cush. 524, 529. These familiar and well settled principles would have been disregarded by the court, if the instructions for which the defendant asked had been adopted and given to the jury. There was nothing in the facts proved to warrant the court in holding that the deed to the wife, though voluntary, was fraudulent and void as to creditors. The question was properly submitted to the jury, under instructions to which no exception is taken.

5. The remaining objection urged by the defendant is, that the court erred in ruling that the husband and wife were rightly

joined as plaintiffs. But it is well settled that, in a writ of waste for injuries to the estate of the wife, the husband and wife must join, and in all actions for the recovery of damages to the land or other real property of the wife during coverture, they may be properly joined as plaintiffs. 1 Chit. Pl. (6th Amer. ed.) 85. Com. Dig. Baron & Feme, V, X; Pleader, 2, A 1.

6. The plaintiffs, after the rendition of the verdict in their favor, moved for entry of judgment for recovery of the place on which the jury found that the defendant had committed waste. This motion was overruled by the court, and rightly. The verdict is altogether too uncertain and indefinite in the description of the place on which the waste was committed to form a foundation for a judgment of forfeiture.     *Exceptions overruled.*